*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAXPAYERS FOR MICHIGAN
CONSTITUTIONAL GOVERNMENT, STEVE
DUCHANE, RANDALL BLUM, and SARA
KANDEL,

      Plaintiffs,

v

STATE OF MICHIGAN, DEPARTMENT OF
TECHNOLOGY, MANAGEMENT AND
BUDGET, and OFFICE OF AUDITOR
GENERAL,

      Defendants.

FOR PUBLICATION
October 29, 2019

No. 334663
Original Action

## ON RECONSIDERATION

Before: BORRELLO, P.J., and METER and SHAPIRO, JJ.

BORRELLO, P.J. (*concurring in part and dissenting in part*).

      I respectfully disagree with my colleagues' analysis of Count IV of plaintiffs' complaint. In my opinion, my colleagues' conclusions regarding the operation of Const 1963, art 9, § 29 vis-à-vis Const 1963, art 9, § 30 are predicated on faulty logic regarding the interplay between these two provisions. I would find that state funding provided to units of local government for new or increased state mandates under § 29 may be counted for purposes of § 30, and, thus, that defendants, and not plaintiffs, are entitled to summary disposition on Count IV of the complaint. In all other regards, I concur with my colleagues in the majority.

      Section 30 provides that the "proportion of total state spending paid to all units of Local Government, taken as a group, shall not be reduced below that proportion in effect in fiscal year 1978-79." As recognized by the majority, § 30 "only requires that state funding of all units of local governments, taken as a group, be maintained at 1978-79 levels." *Durant v State Bd of Ed*, 424 Mich 364, 393; 381 NW2d 662 (1985). Moreover, the drafters' notes explaining the Headlee Amendment indicated that the primary intent of § 30

was to prevent a shift in tax burden, either directly or indirectly from state to local responsibility. The phrase "taken as a group" permits the legislature to reallocate funds to local units of government, i.e., geographically or from one unit to another. It was the drafter's intent to rely on the political process to effect such allocations and not to limit the legislature's ability to create more effective and efficient governmental entities or to eliminate those local units which no longer serve any utilitarian purpose. [Drafters' Notes – Tax Limitation Amendment (Proposal E, approved by the electors on November 7, 1978, as an Amendment to the Michigan Constitution of 1963), § 30, p 11.]

Section 29 provides:

The state is hereby prohibited from reducing the state financed proportion of the necessary costs of any existing activity or service required of units of Local Government by state law. A new activity or service or an increase in the level of any activity or service beyond that required by existing law shall not be required by the legislature or any state agency of units of Local Government, unless a state appropriation is made and disbursed to pay the unit of Local Government for any necessary increased costs. [Const 1963, art 9, § 29.]

Each sentence in § 29 serves a separate but related function. The first sentence is "aimed at existing services or activities already required of local government," *Durant*, 424 Mich at 379, and "prohibits reduction of the state proportion of necessary costs with respect to the *continuation* of state-mandated activities of services," *Judicial Attorneys Ass'n v State of Michigan*, 460 Mich 590, 595; 597 NW2d 113 (1999) (emphasis added), quoting favorably *Mayor of the City of Detroit v State of Michigan*, 228 Mich App 386, 396; 579 NW2d 378 (1998). The second sentence "addresses future services or activities," *Durant*, 424 Mich at 379, and "requires the state to pay the increased necessary costs in full when it mandates *new activities* or mandates activities at an *increased level*," *Judicial Attorneys Ass'n*, 460 Mich at 598 (emphasis in original).

When analyzing the interplay between constitutional provisions, such as these two provisions of the Headlee Amendment, this Court must remain mindful of two basic principles of constitutional construction.

First, every statement contained within a state constitution must be interpreted in light of the whole document. Second, no fundamental constitutional principle shall be construed so as to nullify or substantially impair another, all fundamental constitutional principles being of equal dignity. [*Durant v Dep't of Education (On Second Remand)*, 186 Mich App 83, 115; 463 NW2d 461 (1990), remanded on other grounds 441 Mich 930 (1993).]

As properly pointed out by my colleagues, the parties have agreed that the proportion of total state spending that is required to be paid under § 30 to units of local government, as a whole, is 48.97 percent. Defendants indicate that this 1978-79 baseline percentage included the state's provision of both discretionary funding paid to local units of government and funding

-2-

specifically allocated to reimburse the units of local government for the costs of pre-Headlee state mandates.

As previously noted, § 30 guarantees that the percentage of the total state budget earmarked for local government spending will not decline from the fiscal year 1978-1979 level. Thus, § 30 guarantees nothing more than the provision by the state of a certain base level of funding, i.e., an amount equivalent to the proportion of total state spending paid to all units of local government, taken as a group, in effect in fiscal year 1978-79. I would find that the first sentence of § 29, when read in conjunction with § 30, operates to protect that portion of the overall 48.97 percent composed of funding to reimburse local units of government for the necessary costs of implementing state mandates that existed in 1978 and that pre-date the ratification of the Headlee Amendment. The first sentence of § 29 accomplishes this purpose by prohibiting the reduction of state spending with respect to state-mandated activities and services in effect at the time the Headlee Amendment was ratified. *Judicial Attorneys Ass'n*, 460 Mich at 595, 603; *Livingston Co v Dep't of Management & Budget*, 430 Mich 635, 644; 425 NW2d 65 (1988).

The second sentence of § 29 "requires the state to fund any additional necessary costs of newly mandated activities or services and increases in the level of such activities or services from the 1978 base year." *Judicial Attorneys Ass'n*, 460 Mich at 595, quoting favorably *Mayor of the City of Detroit*, 228 Mich App at 396. Section 30 contains no language guaranteeing the exact composition of the funding, i.e., that the base level of funding guaranteed by § 30 must contain the same ratio of discretionary funding to restricted funding as existed in the 1978-79 fiscal year. Simply stated, there is nothing in the language of either § 29 or § 30 that prohibits the state from eliminating a state mandate and then shifting funds formally allocated to the eliminated mandate to satisfy the state's obligation under the Headlee Amendment to fund a new mandate or an increase in the level of a mandated activity or service from the 1978 base year so long as the total proportion of state spending paid under § 30 is not reduced by the shifting of funds. Furthermore, as acknowledged by our Supreme Court, the provisions of the Headlee Amendment do not prohibit the reduction by the state of its financed portion of any existing activity or service provided by a local unit of government not required by state law, i.e., a service or activity provided at the discretion or option of the unit of local government. *Livingston Co*, 430 Mich at 644, 648. In the absence of such a prohibition, and to the extent that general and unrestricted revenue sharing composed a portion of the total state spending in fiscal year 1978-1979, the state is free to shift or reallocation that general and unrestricted revenue sharing paid under § 30 to fund the necessary costs incurred by local units of government in providing newly enacted state-mandated activity or service or an increase in an existing mandated activity or service without violating the scheme of the Headlee Amendment.

I believe that such a view of the interplay between § § 29 and 30, as detailed above, best honors the voters' intent neither to freeze legislative discretion to enact necessary and desirable legislation in response to changing times and conditions nor to permit state government unrestricted discretion in its allocation of support for mandated activities and services. *Judicial Attorneys Ass'n*, 460 Mich at 601, 605.

For these reasons I would conclude that state funding provided to units of local government for new or increased state mandates under § 29 may be counted for purposes of § 30.

Accordingly, I would grant summary disposition on Count IV of plaintiffs' complaint in favor of defendants and grant defendants summary disposition on all other counts.

/s/ Stephen L. Borrello